United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61153
Summary Calendar

_____

FEKADE MEKONNEN WORKU,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
No. A97 940 532
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Fekade Worku petitions for review of an order of the Board of
Immigration Appeals ("BIA") affirming the immigration judge's deci-
sion to deny his applications for asylum, withholding of removal,
and relief under the Convention Against Torture ("CAT").  Worku ar-
gues that the BIA erred in its determination that he had not estab-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

lished that his detention and mistreatment was at least partly motivated by his actual or imputed political opinion as a supporter of the Oromo Liberation Front ("OLF"). He also contends that the BIA misinterpreted his testimony regarding the reason his interrogator came to suspect he was connected to the OLF.

The record does not compel a conclusion contrary to the BIA's determination that Worku had not established that he suffered past persecution, or that he has a well-founded fear of future persecution, on account of his actual or imputed political opinion. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). There is record evidence indicating that Worku was detained pursuant to an investigation of corruption and business practices involving a businessman from another country. The investigation of Worku for such possible violations does not constitute persecution. See Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996).

Accordingly, the BIA's determination that Worku is not entitled to asylum is supported by substantial evidence and will not be disturbed. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). Because Worku cannot satisfy the standard for asylum, he cannot meet the more demanding standard for withholding of removal. See Mikhael v. INS, 115 F.3d 299, 306 (5th Cir. 1997).

Worku's CAT claim is likewise unavailing, because he has failed to show that he will likely be tortured if he is returned to Ethiopia. See Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002). The petition for review is DENIED.

2